## Brinley v. Avery.

An action is not maintainable in this state upon a contract made in a foreign country, between citizens of that country, and to be there performed.

THIS was an action on the case, brought by George Brinley, Esq., commissary-general of the British province of Nova Scotia, founded on a written agreement.

The defendant pleaded in abatement, that the plaintiff is an alien, born in the dominions of the king of Great Britain, an inhabitant of Halifax, in said dominions, a subject within the allegiance of said king, and without the allegiance of the state of Connecticut, and of the United States of America; and banished and proscribed by the commonwealth of Massachusetts, and at the time of the date of said contract and supposed breach thereof, both the plaintiff and defendant were inhabitants of said Halifax, subjects of said king of Great Britain; both under the allegiance of said king, and owing no allegiance to this state, or to said United States.    And the defendant at said date, and for more than twenty-five years before the same was, and had been, an inhabitant of said Nova Scotia, and subject of said king. And that said Halifax, at the time of the date of said contract was, and ever had been, governed by the laws and statutes of the kingdom of Great Britain, and not by the laws and statutes of the state of Connecticut; and said contract, and all transactions between the plaintiff and defendant, ought to be tried and determined in and by the courts of said king of Great Britain, according to the laws, statutes and usages of said kingdom, and not in and by any court in the state of Connecticut, or according to the laws and usages of said state.    And said contract was made at said Halifax, and to

have been there performed, during said time when the plaintiff and defendant were inhabitants of said Halifax.

2. That by the law of nations, no such actions can be supported, nor can the subjects of this state, by the laws of England, or of other nations, maintain any action against each other on any contract made, or for any injury done, within the jurisdiction of said state, in any court in the British dominions, or in any other foreign court.

3. That the final judgment given by this court, in the present action, would be no bar to the plaintiff in commencing and prosecuting a second action for the same cause, matter and thing, in any of the courts in said province of Nova Scotia, or said kingdom of Great Britain, nor prevent the plaintiff from recovering a second judgment thereon against the defendant, his goods and estate yet remaining in said Halifax.

Replication.— That said king and kingdom of Great Britain, to whom the plaintiff was, and is a subject, and owed his allegiance, are, and were at the time of said contract, at amity, and in league with this state, and the United States of America; and their subjects have right, by the treaty of peace between said king of Great Britain and the United States, and by the laws of nations, and of this state, to maintain actions in the courts of common law in this state, for the recovery of their dues, against the citizens of this state, or others that are subjects of the king and kingdom of Great Britain, who may come to reside here, and take up their abode in this state with their property and effects, in any action that is personal and transitory.   And that the defendant was an inhabitant born, and resided a long time in this state, and after many years absence therefrom, at said Halifax, he returned into said state in the year 1785,

with his property and effects, and ever since has here resided, and taken up his abode in this state, and both his person and estate are amenable to the laws and courts of the same.

To this there was a demurrer and joinder in demurrer; and the plea in abatement ruled sufficient.